HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for defendant


FILED
DISTRICT COURT OF GUAM
AUG - 4 2005
MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ( | CR 01-00061 (CV 04-00017) |
| Plaintiff, | ) ( | |
| vs. | ) ( | MOTION FOR CERTIFICATE OF APPEALABILITY |
| REXIELITO J. GLORY, | ) ( | |
| Defendant. | ) | |

This Court, by its order entered on July 7, 2005, denied defendant's motion under 28 U.S.C. § 2255. Defendant desires to appeal from such order to the United States Court of Appeals for the Ninth Circuit, and in order to take such appeal, defendant respectfully moves that this Court issue a certificate of appealability pursuant to the provisions of 28 U.S.C. § 2253, Fed. R. App. P. 22(b), and Ninth Circuit Rule 22-1.

Defendant submits that he is clearly entitled to redress on appeal, and

**ORIGINAL**

(MOTION FOR CERTIFICATE OF APPEALABILITY)
CR 01-00061
(CV 04-00017)

he further submits that a certificate of appealability should issue in this proceeding, all on the ground that this Court erred in failing to grant him and to require his production at an evidentiary hearing on whether he was denied the effective assistance of counsel, at sentencing, with respect to the application of U.S.S.G. § 3B1.1.

> This Court concludes,
>
> Since the Ninth Circuit mandate affirmed this Courts [sic] application of a two level enhancement pursuant to § 3B1.1(c), this Court lacks the authority to reexamine the application under § 2255. . . .
>
> Accordingly, the Court finds that the two level enhancement pursuant to § 3B1.1(c) was proper . . . . Since no error occurred, Glory's claim of ineffective assistance of counsel in this regard is also without merit.

(Order (filed July 7, 2005)(footnote omitted).)

This wholly overlooks the fact that the Ninth Circuit could have done exactly what this Court has done, that is to say, determine that Glory's claim of ineffective assistance of counsel is without merit on the ground that the enhancement pursuant to U.S.S.G. § 3B1.1 was proper. This, however, is exactly what the Ninth

Circuit declined to do. In fact, the Ninth Circuit declined to do this *expressly*. The reason the Ninth Circuit declined to do this was because the record was insufficient and so that Glory's claim of ineffective assistance of counsel would not be determined without an evidentiary hearing thereon.

Glory argued on appeal, "Glory's sentence would have been fifty two months less if his defense counsel had noticed that he did not deserve an aggravating role enhancement." (Defendant-Appellant Rexielito J. Glory's Opening Brief at 20, *United States v. Glory*, No. 02-10032 (9th Cir. filed Sept. 9, 2002).) The government contended, "The competence of trial counsel usually may be challenged only through 28 U.S.C. § 2255, *because an evidentiary hearing is almost always necessary to explain why counsel made the strategic choices to proceed as he did. United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000)." (Plaintiff-Appellee's Brief at 10, *United States v. Glory*, No. 02-10032 (9th Cir. dated Sept. 11, 2002)(emphasis added).) The Ninth Circuit agreed:

> Glory also contends that he was denied effective assistance of trial counsel. *We decline to reach this issue on direct appeal. See United States v. Robinson*, 967 F.2d 287, 290 (9th Cir. 1992)(stating that effective assistance

3

>of counsel is more properly raised on collateral attack
>under 28 U.S.C. § 2255 *unless the record is sufficient* or
>there is an obvious denial of adequate representation).

(*United States v. Glory*, No. 02-10032, slip mem. at 2 (9th Cir. Jan. 17, 2003)(emphasis added).)

The denial of a motion without an evidentiary hearing is warranted only if the defendant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. (*United States v. Leonati*, 326 F.3d 1111, 1116 (9th Cir. 2003).) To sustain a finding that Glory was a leader of the criminal activity, it is necessary that he exercised some control over others involved in the commission of the offense, or that he was responsible for organizing others for the purpose of carrying it out. (*United States v. Harper*, 33 F.3d 1143, 1150-51 (9th Cir. 1994).) Glory neither exercised any control over anyone involved in the commission of the offense nor was he responsible for organizing anyone for the purpose of carrying it out. (Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Attached Pages ¶3 (filed Mar. 29, 2004).) That Glory neither exercised any control

4

over anyone involved in the commission of the offense nor was he responsible for organizing anyone for the purpose of carrying it out is not contradicted by the record. The government argues that Glory "stipulated in his plea agreement that he controlled the LSG personnel boarding the aircraft by virtue of his role as supervisor." (United States's Response to Motion for § 2255 Relief 4 (filed May 3, 2004).) That Glory "stipulated in his plea agreement that he controlled the LSG personnel boarding the aircraft by virtue of his role as supervisor," however, is exceedingly misleading. Glory stipulated to nothing more than that he was recruited, that certain employees would ask him to assign them to service certain aircraft, and that he would assign the employees in accordance with their requests:

> Mercader recruited the aid of [Glory] and another supervisor on the shift, Pablo Madlangbayan, because they made the service assignments. LSG employees would contact [Glory] or Madlangbayan, advise them that a load was coming in, and ask that they be assigned the Manila-Guam aircraft for servicing. [Glory] or Madlangayan would make the assignment accordingly, and be paid up to $1,000 per load for effecting this assignment.
>
> . . . .
>
> . . . The typical operation in which defendant

5

> engaged is illustrated as follows.
>
> > . . . [Roy Eay] asked [Glory] if he could be assigned to service that aircraft to retrieve the load. . . .
>
> > . . . .
>
> > . . . [Romy] Delima . . . contacted [Glory], told him that a load of ice was coming on that flight and requested that [Glory] assign him to work the crew that serviced that flight. . . .
>
> > . . . .
>
> > . . . LSG employee Roland Mora told defendant that four packages would be arriving on board a particular flight and requested that [Glory] assign him to service that flight so he could retrieve it. . . .

(Plea Agreement 5-8 (filed Aug. 13, 2001).) Glory may have complied with certain employees' requests to assign them to service certain aircraft, but assigning employees to service aircraft is not in itself criminal activity, and Glory never exercised decision-making authority over any employee. *Clearly the attorneys who represented Glory at sentencing should have objected to the application of U.S.S.G. § 3B1.1.* (*Cf. United States v. Litchfield*, 959 F.2d 1514, 1523 (10th Cir. 1992)(defendant was not a leader of a fraudulent investment scheme in an alleged

6

(MOTION FOR CERTIFICATE OF APPEALABILITY)
CR 01-00061
(CV 04-00017)

mining operation so as to justify an increase in the base offense level, even though he might have been the leader of the mining operation itself, where the mining operation was not in itself criminal activity, and he did not exercise any decision-making authority of his co-conspirators).)

Glory is entitled to an evidentiary hearing. "An inmate filing a claim for federal habeas relief under 28 U.S.C. § 2255 is entitled to an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief.'" (*Leonti*, 326 F.3d at 1116 (quoting 28 U.S.C. § 2255).) In fact, even "improbable" assertions require a hearing. *(Machibroda v. United States*, 366 U.S. 487, 496 (1962).) And where, as here, there are substantial issues of fact as to events in which Glory participated, the Court must require his production. (*United States v. Hayman*, 352 U.S. 205, 223 (1952).)

Dated at Hagåtña, Guam, this 3rd day of August 2005.

                                */s/ Howard Trapp*
                                HOWARD TRAPP
                                For HOWARD TRAPP INCORPORATED

(DOCUMENT\MtnCertofApplablty.RGlory)    Attorney for defendant

## DECLARATION OF SERVICE

I, Leilani Ada, declare that I am an administrative assistant employed in the office of Howard Trapp, Esq., the attorney for defendant herein, and that I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for plaintiff herein, by leaving a copy at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, Ms. Johnson's last known address, with a person in charge thereof, on August 4, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 4, 2005, at Hagåtña, Guam.

_____
LEILANI ADA