**FILED**
DISTRICT COURT OF GUAM

AUG 10 2005

MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| REXIELITO J. GLORY,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Criminal Case No. 01-00061<br><br>Civil Case No. 04-00017<br><br>**ORDER** |

This matter comes before the Court on Petitioner Rexielito Glory's ("Glory") Motion for Certificate of Appealability ("motion") following the Court's denial of his motion to correct sentence pursuant to 28 U.S.C. § 2255. A certificate of appealability may be issued from a final order in a proceeding under § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Glory has made no such showing. Accordingly, the Court DENIES Glory's request for a certificate of appealability.

Glory maintains that "this Court erred in failing to grant him and to require his production at an evidentiary hearing on whether he was denied the effective assistance of counsel, at sentencing, with respect to the application of U.S.S.G. § 3B1.1."[1]

In order to obtain an evidentiary hearing Glory must "allege specific facts which, if true, would entitle him to relief; and .... the petition, files and record of the case cannot conclusively show that he is entitled to no relief." *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). Glory states "substantial issues of fact" existed with respect to the events in which Glory

---

[1] See, Motion, Docket No. 56.

participated. *Id.* He is mistaken. Glory does not dispute the facts as recited in the plea agreement, rather he disputes this Court's interpretation of those facts in applying § 3B1.1. The issues before the Court were 1) whether the stipulated facts in the plea agreement warrant an application of § 3B1.1; and 2) whether Glory's counsel was ineffective for failing to object to its application at the time of sentencing.

The Ninth Circuit has already decided the first issue on direct review[2] and found that the district court's application of § 3B1.1 was proper. The Ninth Circuit further found that Glory's assertion in this regard "lack[ed] merit because Glory admitted that he supervised and exercised authority over at least one other participant in the criminal activity." *Id.*

Despite the Ninth Circuit's decision, Glory insists that his counsel was ineffective for failing to object at sentencing to the application of § 3B1.1. However, Glory fails to allege any new information to support a claim of the denial of his constitutional rights in this regard. Instead, Glory chooses to reiterate his own interpretation of the facts that have been previously rejected by the Ninth Circuit.

In light of the Ninth Circuit's decision, Glory has failed to proffer a basis to show that counsel's performance was deficient and that the deficient performance prejudiced his defense as is required pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Further, he has not supplied any support that "the behavior complained of falls below prevailing professional norms." *United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996). Glory could not conceivably have been prejudiced by his counsel's failure to object to the application of § 3B1.1 because the Ninth Circuit has found its application was proper. Counsel is not required to raise meritless arguments. *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982). The petition, files and record of the case demonstrates conclusively that Glory's allegations fail to state a claim for relief, and dismissal of this portion of the petition without an evidentiary hearing was warranted.

On this basis, the Court will not issue a certificate of appealability because Glory has not substantially demonstrated the denial of his constitutional rights, pursuant to 28 U.S.C. § 2253(c)(2) nor has he demonstrated that the issues surrounding this Court's denial of Glory's

---

[2] *See, United States v. Rexielito J. Glory*, No. 02-10032 (9th Cir. January 17, 2003).

§ 2255 petition are "debatable among jurists of reason." *See, Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002). Accordingly, Glory's motion for a certificate of appealability is DENIED.

IT IS SO ORDERED this ____ day of August, 2005.

Robert M. Takasugi
United States District Judge

---

* The Honorable Robert M. Takasugi, United States District Judge for Central California, by designation