# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| REXIELITO J. GLORY,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Criminal Case No.   01-00061<br>Civil Case No.        04-00017<br><br><br><br>**ORDER** |

This matter comes before the court pursuant to correspondence from Petitioner Rexielito J. Glory, who has requested, *inter alia*, to be released from confinement. The court will construe his collective letters as a motion for release. Upon review and consideration of Petitioner's submissions, the court hereby **DENIES** his request.

I.     BACKGROUND

Upon entry of a guilty plea to one count of Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Petitioner was sentenced to two hundred sixty-two (262) months imprisonment on December 12, 2001. Judgment of conviction was entered on the docket on December 19, 2001. *See* Docket No. 21. Petitioner appealed to the Ninth Circuit, and his conviction was affirmed. *United States v. Rexielito J. Glory*, No. 02-10032 (9th Cir. Jan. 17, 2003). He filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, requesting the court vacate his sentence. *See* Docket Nos. 46 and 53. The motion was denied on July 7, 2005. *See* Docket No. 54. Petitioner then filed a Motion

//

1 for Certificate of Appealability, which was denied on August 10, 2005. *See* Docket No. 57. He unsuccessfully appealed the denial to the Ninth Circuit. *See* Docket No. 63.

II. PETITIONER'S SUBMISSIONS

After being denied relief by the Ninth Circuit, Petitioner began corresponding with the Office of the Clerk of Court of the District Court of Guam. He submitted a "Letter of Inquiry" dated July 30, 2007, which requested, *inter alia*, information regarding his "right to redress of grievance as stipulated in the Constitution for the united states [sic] of America" which was "made pursuant to title 42 U.S.C.A. §1986, §1985, 1983, and Title 18 U.S.C. § 1621." *See* Docket No. 65. Specifically, Petitioner requested "certified copies of the instrument(s) upon which you rely" in his prosecution, and "certified copies of any contract(s) upon which you rely of your presumption" that he "ever waived his unalienable rights." *See* Docket No. 65. Petitioner was provided with a copy of the docket sheet in his case.

Petitioner then sent four "notices" to the Clerk's Office; two dated August 24, 2007, and two dated September 3, 2007. These documents include Petitioner's specific request to be released, but predominantly consist of unintelligible statements.[1]

The court will treat Petitioner's collective submissions as a motion seeking release. Based on the record before the court, release is not available to Petitioner. His motion pursuant to 28 U.S.C. § 2255 was denied, as this court rejected his claims that his sentence was unlawful and his attorneys were ineffective. *See* Docket No. 54. His request for a Certificate of Appealability was also denied, as this court concluded that he had not substantially demonstrated the denial of his constitutional rights. *See* Docket No. 57. The Ninth Circuit summarily rejected his appeal from this denial of a certificate of appealability. *See* Docket No. 63.

Based on the record before the court, the requested relief is not available to Petitioner. Accordingly, Petitioner's request for release is hereby **DENIED.**

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
     **Chief Judge**
**Dated: Dec 21, 2007**

---

[1] For example, Petitioner states: "I request that all Public Charges be (set-off) discharged and adjusted by the Exemption in accordance with Public Policy (UCC 4-419; Public Law 73-10 and House Joint Resolution (HJR) 192 of June 5, 1922)." He also states: "I request the court to issue me an appearance bond so that I may enter a plea. I will not argue the Facts."

2